UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
SOLAR X EYEWEAR, LLC, :
: CASE NO. 1:11-CV-00763
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 19]
TUCKER BOWYER, *et al.*, :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this trademark infringement case, Defendants Tucker and Heather Bowyer file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(7) for failure to join an indispensable party. [Doc. 19.] Plaintiff Solar X Eyewear ("Solar X") opposes the motion. [Doc. 25.] The Defendants replied. [Doc. 26.] For the foregoing reasons, the Court **DENIES** the Defendants' motion to dismiss without prejudice.

**I. Background**

Plaintiff Solar X is an eyewear manufacturer engaged in the manufacture, marketing, sale and distribution of sunglasses and other eyewear bearing the mark and name "Solar X Eyewear" or "Solar X Sunglasses." [Doc. 1 at 3.] Plaintiff Solar X says that it properly submitted registration for its trademark and name and that it has not licensed or otherwise assigned the right to market its products. [*Id.* at 3.]

-1-

Case No. 1:11-CV-00763
Gwin, J.

In its complaint, Plaintiff Solar X alleges that during 2011 the Defendants maintained an advertisement on Google that advertised Solar X Sunglasses on the Miami Wholesale Sunglasses website (www.miamiwholesalesunglasses.com). [*Id.* at 3.] The Plaintiff alleges that if an individual typed "solar x sunglasses" into the Google search engine, that a paid advertisement listing Miami Wholesale Sunglasses would appear at the top of the search results as a "sponsored link." [*Id.* at 3-4.] The sponsored link stated that Solar X Sunglasses were available for purchase at the Miami Wholesale Sunglasses website for "$24 per dozen/$2 per piece." [*Id.* at 3-4.] The Plaintiff says that Miami Wholesale Sunglasses did not actually sell or supply Solar X Sunglasses and instead only sold sunglasses with a similar frame that were designed to look like actual Solar X Sunglasses. [*Id.* at 4; Doc. 25 at 8-9.] The Plaintiff says that the registered owner of the www.miamiwholesalesunglasses.com domain name is Defendant Tucker Bowyer. [*Id.* at 6.] An inquiry made by the Plaintiff's private investigator prior to the filing of this suit indicates that Miami Wholesale Sunglasses ships sunglasses and otherwise conducts business with customers in Ohio, although the extent of this business is unclear. [*Id.* at 8-9.]

The Plaintiff filed this action on April 19, 2011 against Defendants Tucker Bowyer, Heather Bowyer, Miami Wholesale Sunglasses, unknown John Does, and an unknown company sued as the "XYZ Company." [Doc. 1.] The Plaintiff asserts three causes of action: (1) federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (2) federal unfair competition, false designation of origin, and false advertising, also under the Lanham Act, 15 U.S.C. § 1125(a); and (3) common law fraud. [*Id.*]

In the current motion to dismiss, brought under Rules 12(b)(2) and (b)(7), Defendants Tucker and Heather Bowyer say that the claims must be dismissed against them (1) for lack of personal

Case No. 1:11-CV-00763
Gwin, J.

jurisdiction and (2) for failure to join an indispensable party. [Doc. 19.] As to personal jurisdiction, the Bowyer Defendants say that they do not have sufficient contacts to the state of Ohio to give the Court either general or personal jurisdiction over them. [Doc. 20 at 3-13.] The Defendants say that Solaris, a California company, with its principal place of business in San Diego, exclusively operates the online sunglasses store at www.miamiwholesalesunglasses.com. [Id. at 2.] The Defendants, however, admit that they co-own Solaris. [Id. at 2.] The Bowyer Defendants also say that they have no property, bank accounts, or employees in Ohio and that neither they, nor Solaris, ever directed or targeted advertising at Ohio or derived any significant revenue from Ohio sales. [Id. at 2.] The Defendants say that they have no other contacts to the state of Ohio. [Id. at 2.]

As to the failure to name an indispensable party, the Defendants say that Solaris is a necessary party to this action because it operates the Miami Wholesale Sunglasses website. [Id. at 14.] The Defendants further say that since Solaris cannot be joined to this action due to a lack of personal jurisdiction over the company, that the suit must be dismissed under Federal Rule of Civil Procedure 19. [Id. at 14-15.]

**II. Analysis**

*II.A Personal Jurisdiction*

In order to subject a defendant to the in personam jurisdiction of this Court, the Court must first consider whether the Ohio long-arm statute, O.R.C. § 2307.382, permits the exercise of jurisdiction, and then second, whether the Court's jurisdiction comports with the limits of constitutional due process. *Citizens Bank v. Parnes*, 376 F. App'x 496, 499 (6th Cir. 2010). When a court decides a motion to dismiss for lack of personal jurisdiction "solely on written submissions and affidavits . . . rather than resolving the motion after either an evidentiary hearing or limited

-3-

Case No. 1:11-CV-00763
Gwin, J.

discovery, the burden on the plaintiff is relatively slight . . . and the plaintiff must make only a prima facie showing . . . in order to defeat dismissal." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). The court "must consider the pleadings and affidavits in the light most favorable to the plaintiff," *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980), and need only find that the "plaintiff has set forth specific facts that support a finding of jurisdiction in order to deny the motion to dismiss." *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006).

On the issue of whether the Ohio long-arm statute provides jurisdiction, most relevant to this action is O.R.C. Section 2307.382(A)(3), which provides that "a court may exercise personal jurisdiction over a person who . . . [c]aus[es] tortious injury by an act or omission in [Ohio.]" O.R.C. § 2307.382(A)(3). An act of trademark infringement is a tort, *Bird v. Parsons*, 289 F.3d 865, 876 (6th Cir. 2002), and the act of infringement occurs in the state where the allegedly infringing product is sold or passed off. *Bath and Body Works, Inc. v. Wal-Mart Stores, Inc.*, 2000 WL 1810478, at *4 (S.D. Ohio Sept. 12, 2000); *Zippo Mf. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1127 (W.D. Pa. 1997). Here, there is some evidence that the Defendants distributed infringing sunglasses to the state of Ohio, supporting a finding of jurisdiction in Ohio. [Doc. 25 at 2-3, 8-9.] The fact that the injury in a trademark claim occurred in Ohio, where the Plaintiff primarily does business, further supports a finding that jurisdiction is permissible under the Ohio long-arm statute. *Bird*, 289 F.3d at 876; *Hoover Co. v. Robeson Industries Corp.*, 904 F. Supp. 671, 673 (N.D. Ohio 1995). Thus, the Court finds that the Plaintiff meets its initial burden in showing that there is personal jurisdiction under the Ohio long-arm statute.

Having found that the Plaintiffs make a prima facie case of personal jurisdiction under the


Case No. 1:11-CV-00763
Gwin, J.

Ohio long-arm statute, the Court must determine whether exercising personal jurisdiction in this case would violate constitutional due process. *Citizens Bank v. Parnes*, 376 F. App'x 496, 499 (6th Cir. 2010). Personal jurisdiction can be either general or specific depending upon the nature of the contacts that the defendant has with the forum state. *Bird*, 289 F.3d at 873. General jurisdiction exists over a defendant when his "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Id*. "Specific jurisdiction exists if the defendant's contacts with the forum state are related to the case at hand." *Cadle Co. v. Schlichtmann*, 123 F. App'x 675, 677 (6th Cir. 2005). Because the Plaintiff does not contend that there is general jurisdiction over the Defendants in this suit, the Court need only consider whether there is specific jurisdiction. [Doc. 26 at 1.]

The Sixth Circuit has developed a three-part test for determining whether the particular circumstances of a case provide sufficient contacts between a non-resident defendant and the forum state to support the exercise of specific personal jurisdiction. *Southern Machine Co. v. Mahasco Ind., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Id.* If all three of those criteria are satisfied, exercising personal jurisdiction over a defendant is appropriate if the facts of the particular case are such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Case No. 1:11-CV-00763
Gwin, J.

The first requirement, purposeful availment, "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal citations omitted). In this case of contact with a forum via a website, the Sixth Circuit has adopted the "*Zippo* sliding scale" test to determine whether operation of a website constitutes purposeful availment. *Cadle*, 123 F. App'x at 678. This test "distinguishes between interactive websites, where the defendant establishes repeated online contacts with residents of the forum state, and websites that are passive, where the defendant merely posts information on the site." *Id.* Under this analysis, the operation of an interactive website often will constitute purposeful availment, while the operation of a more passive website more likely will not. *Id.* (citing *Neogen Corp. v. Neo Gen Screeing, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002)).

Here, the Plaintiff offers enough evidence to make a prima facie showing that the Miami Wholesale Sunglasses website falls in the middle of the *Zippo* scale and is at least a "semi-interactive" website. *Cadle*, 123 F. App'x at 678. The website allows uses to place orders for different types of sunglass, lets users create personalized accounts, it includes a sign-up for mailing lists and catalogs, and also provides a customer service link whereby users can email questions or directly call an operator. [Doc. 25-2.] The website also includes links whereby a user can become a "fan" of Miami Wholesale Sunglasses on Facebook or tweet the website URL on their Twitter page. [*Id.*] The website also includes a page that lists shipping estimates for various state, which

Case No. 1:11-CV-00763
Gwin, J.

includes Ohio, and there is evidence that residents of Ohio have actually ordered sunglasses on the website. [Doc. 25-1; Doc. 25-2.]

Websites that include similar features have been found sufficiently interactive to constitute purposeful availment with a forum. *See, e.g.*, *Wood v. 1-800-Got-Junk?, LLC*, 2007 WL 895008, at *4-6 (S.D. Ohio Mar. 22, 2007) (finding purposeful availment where website marketed products to Ohio residents and included a customer service line); *V Secret Catalogue v. Zdrok*, 2003 WL 22136303, at *7-9 (S.D. Ohio Aug. 29, 2003) (website was sufficiently interactive to satisfy purposeful availment where website offered interactive features such as quizzes and a webcam); *Bath and Body Works*, 2000 WL 1810478, at *6-8 (finding purposeful availment where website advertised a toll-free order hotline, provided information for placing wholesale orders, allowed customers to join its e-mail list, and displayed a link for ordering on-line); *see also See, Inc. v. Imago Eyewear Pty., Ltd.*, 167 F. App'x 518, 523 (6th Cir. 2006) (finding that a website is passive where the website merely posted product and contact information). The Court is unable to conclusively determine the extent to which the Defendants availed themselves of the privilege of acting in Ohio through operation of the website. For example, it is not entirely clear the role that each Defendant played in the website, or whether they had any other contacts with Ohio. However, based upon the evidence submitted, particularly given that the website is at least semi-interactive and apparently included Ohio consumers, the Court finds that the Plaintiff has carried the relatively light burden of making a prima facie case of purposeful availment.

The Court must now analyze the second element of the test for specific jurisdiction – whether the cause of action arises from the defendant's activities in the forum state. *Southern Machine*, 401 F.2d at 381. This analysis is largely the same as the earlier analysis that determined whether this

-7-

Case No. 1:11-CV-00763
Gwin, J.

claim fell within the Ohio long-arm statute. As noted, the act of trademark infringement occurs in the state where the infringing product is sold or passed off and the injury occurs in the location where the plaintiff primarily does business. *Bird*, 289 F.3d at 876; *Bath and Body Works*, 2000 WL 1810478, at *4. Here, given that there is some evidence that the Defendants sold allegedly infringing sunglasses in Ohio and since the Plaintiff is based in Ohio, the Court finds that this element is satisfied for purposes of this motion.

Finally, on the last element, the Court must consider whether the "acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Southern Machine*, 401 F.2d at 381. "An inference arises that the third factor is satisfied if the first two requirements are met." *Bird*, 289 F.3d at 875 (quotation omitted). Additionally, the Court should also consider several factors, including, "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169-70 (6th Cir. 1988) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987)). Here, although defending the current lawsuit in Ohio may be some burden, there is less room for objection where the Defendants seem to have specifically transacted business with Ohio resident over the Miami Wholesale Sunglasses website. Further, there is no indication that the Defendants will be unable to adequately defend themselves in this forum. Finally, Ohio has a legitimate interest in protecting the interest of its companies from infringing behavior, and California – where the Defendants seem to be located – does not have an interest in this suit that overrides that of Ohio. *See, e.g.*, *Bird*, 289 F.3d at 875-76; *Bath & Body Works*, 2000 WL 1810478, at *9 ("Ohio has a strong interest in

Case No. 1:11-CV-00763
Gwin, J.

discouraging trademark infringement within the state and in seeing that its residents' property interests are protected."). There Court, therefore, find that the third element of the test for specific jurisdiction is satisfied. Accordingly, the Court finds that the Plaintiff has carried their burden of showing that personal jurisdiction is permissible. The Court **DENIES** the Defendants' motion to dismiss under Rule 12(b)(2) without prejudice. The Defendants may refile the motion should later discovery show that the Court does not have proper personal jurisdiction.

*II.B Failure to Join an Indispensable Party*

The Defendants also move under Rules 12(b)(7) and 19 to dismiss, saying that the Plaintiff has failed to make Solaris a party to this action. [Doc. 20 at 2.] The Defendants say that Solaris is the party responsible for running the Miami Wholesale Sunglasses website, that there is not personal jurisdiction over Solaris, and that this action cannot be properly resolved without this indispensable party. [*Id.* at 2-3, 14-15.]

Rule 19 of the Federal Rules of Civil Procedure sets forth a three-step test for courts to use in determining whether an absent party must be joined or the case dismissed if that party cannot be joined. *School Dist. of City of Pontiac v. Secretary of U.S. Dept. of Educ.*, 584 F.3d 253, 302 (6th Cir. 2009). Under this test, the Court must first decide whether the absent party is required under Rule 19(a). *Id.*; Fed. R. Civ. P. 19(a). Second, if the party is required, then the Court must consider whether joinder is feasible or if a lack of subject-matter or personal jurisdiction makes joinder impossible. *Pontiac*, 584 F.3d at 302. Finally, if joinder is not possible, the equities should be weighed to determine if action may proceed or must be dismissed. *Id.*; Fed. R. Civ. P. 19(b).

Here, the Court finds that the Plaintiff has made a prima facie showing of personal jurisdiction over Solaris. According to the Defendants, Solaris operates the Miami Wholesale Sunglasses website.

-9-

Case No. 1:11-CV-00763
Gwin, J.

[Doc. 20 at 2.] Based upon the Defendants' admissions and the exhibits submitted by the Plaintiff, it seems that operator of the Miami Wholesale Sunglasses website has conducted business with Ohio customers and has derived revenue from those transactions. The Court need not determine whether Solaris is an indispensable party, because the Plaintiff has made a prima facie showing of personal jurisdiction over Solaris. Accordingly, the Court **DENIES** the motion to dismiss under Rule 12(b)(7) without prejudice; this motion may be refiled should discovery show that there is not proper jurisdiction over Solaris. Further, the Court now **GRANTS** the Plaintiff leave to amend the complaint to name Solaris as a party.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the Defendants' motion to dismiss without prejudice.

IT IS SO ORDERED.

Dated: August 4, 2011                    s/ *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE