```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
SOLAR X EYEWEAR, LLC,                     :    CASE NO. 1:11-cv-763
                                          :
         Plaintiff,                       :
                                          :
vs.                                       :    OPINION & ORDER
                                          :    [Resolving Doc. No. 44]
TUCKER BOWYER, et al.,                    :
         Defendants.                      :
                                          :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Defendants in this trademark dispute move the Court to reconsider its denial of the parties' joint motion for a protective order. Because the parties have neither initially nor upon motion for reconsideration demonstrated good cause to enter the proposed protective order, the Court **DENIES** the Defendants' motion to reconsider.

**I. Background**

On August 17, 2011, the parties jointly filed a proposed protective order, moving for confidential treatment of information exchanged during discovery. [Doc. 33.] The proposed order asserted that several general categories of business information "are likely to be relevant in this case" and provided that any such information designated confidential by a party would be subject to a series of restrictions to prevent the information from entering the public domain. *Id.*

On August 26, 2011, the Court docketed a marginal order denying the joint motion. [Doc. 40.] At a case management conference on August 31, 2011, the Court explained its finding that the parties failed to make a showing of good cause sufficiently compelling to overcome the

-1-

Case No. 1:11-cv-763
Gwin, J.

public's interest in open judicial proceedings. [Doc. 43.] The Defendants now move the Court to reconsider and grant the parties' joint motion for a protective order. [Doc. 44.]

## II. Legal Standards

A trial court's discretion to grant a protective order "'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)). "Rule 26(c) allows the sealing of court papers only 'for good cause shown' to the court that the particular documents justify court-imposed secrecy." *Procter & Gamble Co.*, 78 F.3d at 227. The Sixth Circuit recognizes a presumption of public access to discovery materials. *Meyer Goldberg, Inc. v. Fischer Foods, Inc.*, 823 F.2d 159, 162-64 (6th Cir. 1987) ("[A]s a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings.") (quoting *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978)).

The Federal Rules do not recognize a "Motion for Reconsideration." The Sixth Circuit has held, however, that a court may treat a motion to reconsider under the standards of Rule 59(e) of the Federal Rules of Civil Procedure. *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979) ("a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment"). A court may grant a motion to amend or alter judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

-2-

Case No. 1:11-cv-763
Gwin, J.

### III. Analysis

The parties say that the proposed protective order is necessary to protect information that "may qualify as trade secrets or confidential information," or "could harm the other party's business interests." [Doc. 33 at 2-3.] These vague, conclusory representations provide no basis for the Court to issue the proposed protective order. *E.g., Certain Underwriters at Lloyd's v. United States*, No. 2:08-cv-841, 2010 WL 2683142 (S.D. Ohio July 1, 2010) (defendants failed to explain how their interest in maintaining the confidentiality of the documents and deposition testimony outweighs the public's right of access to court proceedings). The possibility that discovery materials contain sensitive business information is not good cause for a protective order. *See Charvat v. Echostar Satellite, LLC*, 269 F.R.D. 654 (S.D. Ohio 2010).

The Defendants appear to believe that merely alleging potential disclosures of trade secrets adequately justifies the imposition of a protective order. This is not so. *See Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination)."). Rather, a Court must satisfy itself that good cause has been established to grant a protective order. Fed. R. Civ. P. 26(c). In the context of trade secrets and commercial data, "where information may be subject to protection under Fed. R. Civ. P. 26(c), [a court] will look to determine if its disclosure will work a clearly defined and very serious injury." *United States v. Int'l Bus. Machine Corp.*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975).

The Defendants fail to make the requisite showing of good cause. Indeed, the proposed protective order is so broad and speculative as to defy any credible assertion of particularized injury.

Case No. 1:11-cv-763
Gwin, J.

The proposed sealing order draws under its umbrella any information "that *may* qualify as trade secrets or confidential information," or "could harm the other party's business interests." [Doc. 33 at 12-15.] And all Defendants offer by way of further justification in their motion to reconsider are unsubstantiated allegations that the Plaintiff seeks to discover classes of documents that may, under circumstances not even suggested here, describe information entitled to trade secret protection. [Doc. 44 at 3.] An umbrella order of this generality cannot meet the cause requirements of Rule 26(c). *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (deeming similar protective order "absurdly overbroad" where it protected documents merely "believed to contain trade secrets" or allegedly contained "other confidential information.") The parties' proposed protective order, like that rejected by the Seventh Circuit, "is not quite so broad as 'seal whatever you want,' but it is far too broad to demarcate a set of documents clearly entitled without further inquiry to confidential status." *Id.*

In their motion for reconsideration, the Defendants add nothing to demonstrate the type of specific, cognizable harm that would overcome the public's interest and warrant a protective order under Rule 23(c). [Doc. 44.] The Defendants include brief passages from discovery requests that seek information regarding page visit metrics, tax returns, and balance sheets, saying that "these requests obviously call for information and documents legally recognized as trade secrets." [Doc. 44 at 3.] Where the applicable legal standard calls for demonstration of a "clearly defined and serious injury," however, nothing is obvious. The Defendants' bald assertions neither establish trade secret status, *see Charvat*, 269 F.R.D. at 656 (noting telling absence of any affidavit establishing efforts to maintain confidentiality of information, a hallmark of trade secret protection), nor demonstrate any "clearly defined and serious injury" that might furnish good cause under Rule 26(c)

Case No. 1:11-cv-763
Gwin, J.

to enter a protective order.

Defendants worry that the Plaintiff could publish sensitive information in a newspaper. But a party's preference that certain information "be kept from the curious (including its business rivals and customers)" does not establish cause for a protective order. *Union Oil*, 220 F.3d at 567. Without specific, definitive showings of cognizable harm, the Court has no basis to find good cause to issue a protective order, and will not accept Defendants' invitation "to abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public." *Proctor & Gamble*, 78 F.3d at 227.

In any event, the Defendants fail entirely to provide any proper basis for the Court to take the "extraordinary" step of reconsidering its earlier denial of the parties' joint motion. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). The Defendants neither seriously allege error of law, nor present new evidence. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). And the only manifest injustice threatened here is the Defendants' evident assumption that this Court must bear the burden of justifying its refusal, in the utter absence of any showing of particularized harms, to privilege the parties' general desire for secrecy over the public's right to information.

One final observation is in order. The Defendants do not cite a single case from this District. The Defendants do not cite any authority from this Circuit. These omissions are particularly significant in light of the scattered other cited authorities, the balance of which issue from the home jurisdiction of counsel for the Bowyer defendants. And as much of that authority itself makes plain, we enjoy a legal system which affords a powerful presumption of public access to court proceedings (including precedential authority), and in which any restraints on public access must be accompanied

Case No. 1:11-cv-763
Gwin, J.

by strong, particularized showings of good cause. "Judges must guard against any notion that the issuance of protective orders is routine, let alone automatic, even when the application is supported by all the parties." Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 492 (1991). The sparing effort devoted by the Defendants to demonstrate any adequate cause for a proposed protective order suggests that this is one of those rote applications for secrecy against which the Court must guard.

### IV. Conclusion

The Defendants' motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated: September 7, 2011      *s/ James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE